THE STATE OF OHIO *v.* MORELAND.

*Criminal law—Reversal on weight of evidence—Duty to remand for new trial.*

Where there is a conflict in the evidence and the defendant is found guilty in the trial court, a reviewing court, upon finding the judgment of the trial court to be against the weight of the evidence, is without power to render final judgment, but should remand the cause to the trial court for a new trial.

(Decided June 12, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Chauncey D. Pichel,* assistant city solicitor, for plaintiff in error.

*Mr. George A. Hamma,* for defendant in error.

BY THE COURT. The defendant in error, William Moreland, was convicted in the municipal court of Cincinnati on the charge of unlawful conversion of an automobile. He prosecuted error to the court of common pleas. Upon consideration, the court of common pleas found the judgment to be manifestly against the weight of the evidence

and contrary to law. It reversed the municipal court, and entered final judgment discharging Moreland from custody. To reverse that judgment, error is prosecuted to this court.

One of the chief grounds of error complained of is that the court was without power to discharge defendant, but should have remanded the cause to the municipal court for a new trial. This question was fully considered in the case of *Jones* v. *Harvout, ante,* 106, decided by this court January 3, 1922, in which it is held that where there is a conflict in the evidence the court of common pleas, on review, is without power to instruct a judgment for plaintiff. In the instant case the facts were in dispute, and it was largely a question of the veracity of the witnesses. The court found the judgment of the municipal court to be against the weight of the evidence and contrary to law. Under this state of the record, the court of common pleas should have remanded the cause to the municipal court for a new trial, and was without power to render final judgment, discharging the accused from custody. *Emery's Sons* v. *Irving National Bank,* 25 Ohio St., 360; *Miller* v. *Sullivan & Co.,* 26 Ohio St., 639; *Hickman* v. *Ohio State Life Insurance Co.,* 92 Ohio St., 87, and *Nyiry* v. *Modern Brotherhood of America,* 92 Ohio St., 387.

The judgment of the court of common pleas will therefore be reversed, with instructions to remand the cause to the municipal court for a new trial.

*Judgment reversed.*

Hamilton, P. J., Cushing and Buchwalter, JJ., concur.